IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DAVID MICHAEL DARLAND,                               CV 07-1086-MA

       Petitioner,                               OPINION AND ORDER

  v.

CHARLES DANIELS,
Warden, FCI-Sheridan,

       Respondent.


    DAVID MICHAEL DARLAND
    Federal Register Number 26010-013
    Federal Correctional Institution
    PO Box 5000
    Portland, OR  97378-5000

       Petitioner, *Pro Se*

    KARIN J. IMMERGUT
    United States Attorney
    SCOTT ERIK ASPHAUG
    Assistant United States Attorney
    United States Attorney's Office
    District of Oregon
    1000 SW Third Avenue, Suite 600
    Portland, OR  97204-2902

       Attorneys for Respondent

MARSH, Judge:


1- OPINION AND ORDER

Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.

## Background

After pleading guilty to Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d) on November 1, 2004, Petitioner was sentenced to 150 months imprisonment, 5 years of supervised release, and ordered to pay restitution in the amount of $31,910. The judgment included a "schedule of payments" page that provided the following instructions regarding restitution payment:

> Restitution shall be paid in equal monthly installments of at least $200 during the term of supervised release. Disbursement of restitution payments will be deferred until the balance of the court registry account totals at least $600.

According to Petitioner, when he arrived at FCI Sheridan the BOP began withdrawing restitution payments of $50 per month from his prison bank account, pursuant to the Inmate Financial Responsibility Program (IFRP). *See* 28 C.F.R. § 545.10, *et seq*. Petitioner requests that this Court issue a Writ of Habeas Corpus commanding the Respondent to cease collecting any restitution payments from him on the basis that the BOP does not have authority to "force" petitioner to pay his restitution because the sentencing court did not fix a restitution payment schedule for his period of imprisonment. Petitioner also asks the Court

2- OPINION AND ORDER

to command Respondent to identify Petitioner as "IFRP exempt," to vacate his "IFRP-refusal status" and to vacate associated sanctions imposed upon him, and to restore him to "the position he would have been but for the wrongful actions of the BOP."

By his answer dated September 17, 2007, Respondent concedes the writ should be granted, but argues that no relief should be ordered because the BOP will voluntarily "cease collection activity pursuant to the IFRP and will identify [Petitioner] as IFRP exempt."

In his reply dated November 9, 2007, Petitioner clarifies that he requests reimbursement for all the restitution payments "unlawfully collected through the IFRP," plus 6 percent interest.

On December 18, 2007 the Court received a Response to Petitioner's Reply to Respondent's Answer, arguing that Petitioner is not entitled to reimbursement of the restitution payments made to date because the funds have already been distributed to the victims, and in any event, monetary damages are not available under Section 2241. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Petitioner has made a sufficient showing that the BOP's collection of restitution payments from him contravenes the Mandatory Victims Restitution Act of 1996 (MVRA)[1], because the

---

[1] The MVRA states, in relevant part, "Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the

3- OPINION AND ORDER

sentencing court did not set a schedule of payments for his period of imprisonment.  *See United States v. Gunning*, 339 F.3d 948 (9th Cir. 2003)(*Gunning I*), and *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005) (*Gunning II*).  Despite Respondent's similar concessions in multiple Section 2241 cases in this district[2], Respondent has not ceased collection of restitution payments from prisoners in the same position as Petitioner without a court order.  Accordingly, I once again issue the writ of habeas corpus, and command Respondent to designate this Petitioner "IFRP Exempt."

    Petitioner is not entitled to any other relief.  There is not any evidence that he has been placed on "IFRP Refuse Status" or that any sanctions have been imposed upon him as a consequence of refusing to make restitution payments pursuant to the IFRP.  By all accounts, petitioner begrudgingly agreed to the restitution payment schedule in order to avoid sanctions.  Nor is

---

manner in which, and the schedule according to which, the restitution is to be paid...". 18 U.S.C. § 3664(f)(2).

[2] *See White v. Daniels*, 2007 WL 4210960 (D. Or. Nov. 26, 2007); *Haskins v. Daniels*, 2007 WL 4210913 (D. Or. Nov. 26, 2007); *Nelson v. Daniels,* 2007 WL 3128502 (D. Or. Oct. 22, 2007); *Wright v. Daniels,* 2007 WL 3125302 (D. Or. Oct. 22, 2007); *Putnam v. Daniels*, 2007 WL 2688243 (D. Or. Sept. 10, 2007); *Bowen v. Daniels,* 2007 WL 2608312 (D. Or. Sep. 3, 2007); *Fowler v. Daniels*, 2007 WL 2323306 (D. Or. Aug. 8, 2007); *Lemoine v. Daniels*, 2007 WL 2138601 (D. Or. July 20, 2007); *Dixey v. Daniels*, 2007 WL 1975806 (D. Or. July 5, 2007); *Jones v. Daniels*, 2007 WL 1959278 (D. Or. July 2, 2007); *Soroka v. Daniels*, 467 F. Supp. 2d 1097 (D. Or. Dec. 5, 2006).

4- OPINION AND ORDER

Petitioner worse off for having paid down his restitution sentence. He is not entitled to reimbursement of those funds, much less interest.

## CONCLUSION

Based on the foregoing, Petitioner's habeas corpus petition (#2) is GRANTED, and the BOP is ordered to designate Petitioner "IFRP Exempt."

IT IS SO ORDERED.

DATED this _20 day of December, 2007.

                                              /s/ Malcolm F. Marsh
                                              Malcolm F. Marsh
                                              United States District Judge